**VIOSCA v. SHREVEPORT RYS. CO. et al.**
**No. 5162.**

Court of Appeal of Louisiana.
Second Circuit.

Dec. 13, 1935.

Irion, & Switzer, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellees.

DREW, Judge.

Plaintiff sued for damages to his car and for personal injuries to himself caused by a street car of defendant company colliding with the rear of his automobile. The automobile of plaintiff was driven by him onto the track of defendant company and brought to a stop, and while on the defendant's track a street car ran into the rear of said automobile. The acts of negligence alleged by plaintiff are: (1) That the motorman failed to keep a proper lookout; (2) that he failed to sound any warning of the approach of the street car; (3) that he failed to apply the brakes before striking plaintiff's car; and (4) that the motorman had the last clear chance to avoid the accident.

Defendant denied any negligence on the part of its motorman, and alleged that plaintiff suddenly and without warning drove his car onto defendant's track directly in front of the on-coming street car and too close to the street car for same to be stopped before striking plaintiff's car. In the alternative, it pleads contributory negligence on the part of plaintiff as a bar to his recovery.

The lower court rejected plaintiff's demand and he prosecutes this appeal.

Plaintiff's car and the street car were traveling in the same direction. Plaintiff was trailing another car about ten feet behind it and was traveling 25 to 30 miles per hour. The front car struck a dog which was in the street and the driver suddenly brought his car to a stop. Plaintiff, in order to prevent running into the back of the car, suddenly cut his car to the left and onto the street car track, where he brought it to a stop. Why he brought it to a stop on the track is not explained, as the street ahead was then clear. Immediately after stopping on the track, the street car struck the rear of plaintiff's car and moved it forward about one foot before coming to a stop. Plaintiff contends he had been stopped on the track for about one minute before being struck by the street car, and that the street car was at least 50 feet behind him when he stopped. He is not corroborated in this testimony by any one, and we think he is mistaken as to

time and distance. When one is in a dangerous position and knows an accident is inevitable, seconds seem as minutes and minutes as hours.

Plaintiff offered in corroboration of his testimony a negro boy who was shoveling ice from a wagon across the street. His testimony is of little value. He saw the cars and street car coming down the track. He saw a dog dodging among the cars. He continued with his work and looked down at what he was doing. He heard the collision and again looked and saw that the accident had happened. He did not see plaintiff's car stop and did not see the collision.

Plaintiff offered other testimony to show that persons nearby did not remember hearing any signal given by the street car.

The motorman is corroborated in his testimony by a young man who was standing on the front of the car with him and who testified that when he saw the dog dodging among the cars the motorman reduced the speed of the street car to from 6 to 8 miles an hour and was keeping a careful lookout ahead; that the street car track was clear until plaintiff suddenly and without warning cut over on it. After plaintiff cut over to the track, the motorman immediately put out sand and put on his emergency brake and brought the car to a stop as soon as possible. Both of these witnesses testified that the car of the plaintiff, when cut onto the track, was only about 6 or 8 feet in front of the street car, and that the street car and plaintiff's car stopped about the same time.

A railroad engineer who was riding on the street car testified that plaintiff's car cut onto the track about 25 feet in front of the street car and the motorman immediately released the sand and applied the emergency brake, and brought the street car to a stop as soon as possible. He testified that plaintiff, immediately after the accident, apologized to the motorman and accepted all the blame for the accident. The motorman corroborates him in this respect. Plaintiff denied it.

Plaintiff contends that the emergency created by the dog in the street was such as to require the motorman to keep his car under such control as to be able to stop in any emergency. We are of the opinion that the motorman complied with this rule. He reduced the speed of the street car to 6 or 8 miles per hour, was keeping a lookout, and did bring the car to a stop within a very short distance, which was almost as quick

 

as he could apply the brakes. He could not anticipate that plaintiff, who knew the street car was coming, he having just a few minutes before passed it, would cut onto the track and stop. There was no necessity for him to stop on the track as the dog had passed over to the curb. He testified that he stopped through fear that he would run into some car coming from the opposite direction, but he admits there was no car coming from the opposite direction on his side of the street and that the line of traffic coming from the opposite direction was to the left of the street car tracks and he stopped on the extreme right track, there being a double track at this point.

The lower court found the facts to be in favor of defendant and there is certainly no manifest error in its holding. The judgment is therefore affirmed, with costs.